IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ROGER OSBORNE  )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. TMD 11-1124M |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S
MOTION FOR REMAND

Roger Osborne  ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433.    Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 12) and Defendant's Motion for Summary Judgment. (Def.'s Reply, ECF No. 13). No hearing is deemed necessary. Local Rule 105.6 (D. Md.).  For the reasons presented below, Plaintiff's Motion for Remand is GRANTED.

I.  Procedural History

Plaintiff filed his application for benefits on April 30, 2008 alleging disability since October 11, 2006 due to lumbar spinal stenosis, shoulder impingement syndrome, arthritis, and chronic back and leg pain.  R. at 101-03, 126.    His claim was denied initially and on reconsideration.  R. at 64-66, 69-70.  On September 15, 2009, a hearing was held before an

administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 25-61. Plaintiff was represented by counsel. In a decision dated September 28, 2009, the ALJ denied Plaintiff's request for benefits. R. at 12-24. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: lumbar degenerative disc disease, shoulder impingement syndrome, osteoarthritis of the bilateral shoulders and knees status post left shoulder and right knee arthroscopies and obesity. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 12-24.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

2

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff argues that (1) the ALJ's finding that he was not disabled as of September 28, 2009 is arbitrary given that the agency found him disabled as of the following day; (2) that the ALJ's finding that his mental impairment is not severe is flawed; (3) that the ALJ erred by not releasing an exhibit list with his decision; (4) that the ALJ did not meet its burden at step five of the sequential process; and (5) that the ALJ did not properly evaluate his credibility.

A.   Timing of Disability

Plaintiff argues that the ALJ erred in finding him not disabled in part because he was awarded disability benefits in a subsequent application. Significantly, he notes that while the ALJ found him not disabled as of September 28, 2009, the date of the decision, he was found disabled effective just one day later on September 29, 2009 on the subsequent application. R. at

615.

"Where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence." *Hayes v. Astrue,* No. 1:06CV00070, 2007 WL 1666737, at *4 (W.D. Va. June 7, 2007). Such evidence is not presumptive of disability as the application may involve the subsequent onset of further physical or psychological problems and/or a different age classification. *Reichard v. Barnhart,* 285 F.Supp.2d 728, 736 n. 9 (S.D.W.V. 2003). However, when "disability is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences . . . the disability onset date might reasonably be sometime prior to the ALJ's decision respecting the prior applications in view of a subsequent finding of disability." *Id.* In this case, there is even more cause to scrutinize the finding of nondisability because here, the Claimant was found to only maintain the capacity to perform light or sedentary work with additional nonexertional limitations, and alleges to suffer from significant pain. R. at 17-18; *see Reichard,* 285 F.Supp.2d 736 n.9 ("When, on the other hand, disability is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences, especially when, as in this case, the claimant is found in the first case to be teetering on the edge of disability with only the capacity to perform light work with additional nonexertional limitations, has a limited education and suffers from significant pain, the disability onset date might reasonably be sometime prior to the ALJs decision respecting the prior applications in

view of a subsequent finding of disability."); *Bradley v. Barnhart,* 463 F.Supp.2d 577, 580-81 (S.D.W.Va.2006) (stating that the "*Reichard* [case] stands for the proposition that an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.").

A remand on the basis of new evidence, *i.e.* subsequent award of benefits, is warranted if: (1) the evidence is relevant to the determination of disability at the time the application (s) was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has made at least a general showing of the nature of the new evidence to the reviewing court. *See Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985), *superceded by statute,* 42 U.S.C. § 405(g).[1] Plaintiff has made a general showing of the new evidence and its relevance and there is clearly cause to excuse the failure to produce the new evidence at the time of the Commissioner's decision, as his subsequent application was not generated until after

---

[1] Though the court in *Wilkins v. Secretary,* 954 F.2d 93 (4th Cir. 1991) indicated in a parenthetical that *Borders'* four part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite *Borders* as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the *Borders* construction of § 405(g) is incorrect. *See Washington v. Comm'r of Soc. Sec.,* 2009 WL 86737 at *5 (E.D.Va.2009); *Brock v. Sec 'y of Health & Human Servs.,* 807 F.Supp. 1248, 1250 n. 3 (S.D.W.Va.1992). Given the uncertainty as to the contours of the applicable test, the Court has continued to apply the more stringent *Borders* inquiry. *See Bolin v. Astrue,* No. 2:09–cv–00117, 2010 WL 1176570 (Mar. 23, 1010 S.D.W.Va..).

the ALJ's decision was rendered.[2]  Accordingly, the only issue before the Court is whether the new evidence would have reasonably changed the outcome of the disability determination. *Wilkins v. Sec'y Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir.1991).

While not entirely clear, Plaintiff seems to assert that that the subsequent application for disability was filed on substantially the same basis as the instant application.  He indicates that there was no new consultative examination and no evidence of Plaintiff's mental impairment was obtained in connection with the second application.  Pl.'s Mot. Summ., ECF No. 12 at 10.  The inference would be that the basis for the award was Plaintiff's physical impairments presented in connection with the first application. But, the Court does not have all of those records and, thus, cannot determine if the evidence adduced in the second application consisted of substantially similar evidence or if there were substantial changes in Plaintiff's physical and/or mental condition subsequent to the first denial.  The second award references March and April 2010 medical reports but they are also not part of the record before this Court.  R. at 615.  Indeed, there is no indication of the dates of treatment reflected in those records or whether opinions expressed therein specifically relate back to the relevant time period.  As in *Owens v. Astrue*, No. 7:09cv263, 2010 WL 3743647 at * 3 (W.D. Va. September 22, 2010),

> The SSA letter indicates the source of the evidence reviewed and the date it was received by SSA. However, it does not indicate the dates of treatment reflected in these records. Thus, the court has no way of knowing whether [Plaintiff] or the Commissioner is correct as to whether the benefit award on the subsequent application was based on the same or different evidence than contained in the administrative record in this case.

---

[2] As discussed below, Plaintiff did produce evidence of the award to the Appeals Council.

*Id*. ("There is no evidence to suggest material deterioration in Owens' condition after the ALJ's decision in this case. Perhaps such evidence exists, but it is not reflected in the record in this case. The chronic nature of Owens' impairments, combined with the decision to commence her disability benefits on the day after the decision in this case, tends to suggest otherwise. Thus, the Commissioner's subsequent decision may be highly relevant to the determination of disability in this case."). Nonetheless, it is clear that while the instant denial of benefits was under review, Plaintiff filed a subsequent application for benefits which was granted, and this case falls squarely within the parameters defined in *Reichart,* in which a subsequent disability determination would be material. Here, the ALJ specifically noted Plaintiff's ability to do light and sedentary work was limited by both exertional and non-exertional limitations. R. at 17 (noting Plaintiff required a sit/stand option, must avoid heights, hazardous machinery, temperature and humidity extremes, cannot climb stairs, ladders, ropes or scaffolds, no overhead reaching, limited pushing and pulling with upper extremities, and limited to simple, routine unskilled work requiring low concentration and memory). Although it is conceivable that a precise date of disability onset based on the conditions noted above can be determined, the court finds that there is a possible inconsistency between the denial of disability benefits and the subsequent grant of benefits presumably based on the same alleged physical limitations only one day apart. A finding of disability with an onset day of one day after the initial denial certainly warrants further consideration as to whether Plaintiff was actually disabled during the period of time relevant to Plaintiff's first application. The Court finds that there is at least a

7

reasonable probability that the evidence supporting disability with an onset date one day removed may be persuasive in changing he outcome in this case.  The Court finds that this subsequent finding of disability constitutes new and material evidence.").  *See Luna v. Astrue*, No. Civ. 07-719, 2008 WL 2559400 (D. Ariz. June 23, 2008); *Reichart,* 285 F.Supp.2d at 734-36; *see also Hayes,* 2007 WL 1666737, at *4 ("In light of the possible inconsistency between the first decision and the subsequent finding of disability related to the second application, this case should be remanded for further consideration."); *Reamey v. Astrue,* No. 6:08cv0212009 WL 1619211 (W.D. VA. June 8, 2009) ("Further, there is a possible inconsistency between the denial of disability benefits and the subsequent grant of benefits based on the same alleged physical limitations only one day after the ALJ's unfavorable decision. Therefore, on remand, the Commissioner is ordered to consider all of the evidence, including the medical records from the back surgery just a few months after the ALJ's decision and the later award of benefits, in determining whether an earlier disability onset date is warranted.").

    Finally, it is noteworthy that the Plaintiff did present the evidence of the subsequent award to the Appeals Council during its review.  R. at 613-16.  Indeed, it was included in the additional evidence received and reviewed by the Appeals Council.  R. at 4.  However, while the Appeals Council indicated that it did not provide a basis for changing the ALJ's decision, it provided nothing further by way of explanation.  R. at 1-4.

    The issue of the failure of the Appeals Council to provide a detailed explanation of evidence submitted to it is not new to this Court.  As this Court has repeatedly recognized, the Appeals Council is not required by its regulatory scheme to provide a detailed explanation of its

consideration of evidence submitted after the ALJ's decision. *See Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir.2011) ("nothing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review"). However, its failure to deal with the evidence in a meaningful way runs the risk of remand to require the Commissioner to explicitly consider the additional evidence. *See DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir.1983) (holding that "[j]udicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator"). *Camper v. Barnhart,* No. 7:04cv00403, 2005 WL 1995446, at *5 (W.D.Va. Aug. 16, 2005). Here, the failure of any explanation by the Appeals Council, particularly given the fact that the award was made effective just one day after the initial denial of benefits, coupled with the evidence discussed above, necessitates a remand.

On remand, the ALJ will consider the subsequent SSA decision and the evidence upon which it relied, R. at 615, as well as the evidence that was accepted and incorporated into the record by the Appeals Council. R. at 4.[3]

V. Conclusion

Based on the foregoing, Plaintiff's Motion for Remand is GRANTED. A separate order shall issue.

Date: February 4, 2013

_____/s/_____

---

[3] Given the Court's decision that the case be remanded on the basis of new and material evidence, the Court need not address Plaintiff's remaining arguments.

                THOMAS M. DIGIROLAMO
United States Magistrate Judge

Paul Schlitz
Mering & Schlitz LLC
343 North Charles Street
Baltimore, MD 21201

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692